IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

CITYLINE PARTNERSHIP, L.L.C., )
d/b/a SOUTHSIDE PAWN, )
 )
  Petitioner, )
 )
v. ) Case No.:
 )
UNITED STATES DEPARTMENT OF )
JUSTICE )
BUREAU OF ALCOHOL, TOBACCO, )
FIREARMS AND EXPLOSIVES, )
 )
  Respondent. )
 )
 )

## PETITION FOR *DE NOVO* REVIEW OF LICENSE REVOCATION AND STAY OF REVOCATION ORDER

COMES NOW Cityline Partnership, L.L.C., d/b/a Southside Pawn, and pursuant to 18 U.S.C. §923(f)(3), petitions this Court to conduct a *de novo* judicial review of the decision of William J. Miller, Director of Industry Operations, Kansas City Field Division, Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") dated March 2, 2023 by which the Federal firearms license ("FFL") of Petitioner was ordered revoked.

1. Petitioner Cityline Partnership, L.L.C. d/b/a Southside Pawn ("Cityline") is a limited liability corporation, and the holder of Federal firearms license No. 5-43-189-02-6E-11032 issued by BATF, which authorizes Cityline to engage in business as a dealer in firearms (including pawn broker), pursuant to 18 U.S.C. §44 (the "Gun Control Act").

2. Cityline does business as Southside Pawn, a pawn shop located at 8101 Gravois Road, St. Louis, Missouri 63127 (the "Property").

3.     Cityline has maintained its FFL in good standing for nearly thirty (30) years. The initial license having been issued in the name of Cityline Partnership, L.L.C., and at the direction of ATF the name on the FFL license was changed to Cityline Partnership, L.L.C., d/b/a Southside Pawn.

4.     Cityline is a longstanding business, who has operated at their location for nearly thirty (30) years and has earned a reputation in the community and within local, state and federal law enforcement agencies, for honesty, good moral character, and law abidingness.

5.     Cityline, as a business entity, has always strived to follow the law and to support law enforcement in every way possible.

6.     This philosophy was instilled in them by the original founder of Cityline, Keith Brooks, who himself was a former Jennings, Missouri police officer.

7.     Mr. Brooks managed Cityline and first applied for a firearms license in 1994. Mr. Brooks continued in the business until his death in 2020.

8.     As attested by the accompanying affidavits from former St. Louis police officer Ray Absolon, (Attached Exhibit One) and former FBI Agent Larry Burns, (Attached Exhibit Two) both employees of Cityline, there is no other pawn shop in the St. Louis area that is more well respected by law enforcement or more conscientious in the operation of their affairs, than Cityline.

9.     Cityline has continued to hold a firearms license, without suspension or revocation for nearly thirty (30) years.

10.     Cityline's current managing partner, Angela Muegge, is the daughter of Keith Brooks and began working with her father in the family business in 1998 and continues to manage the business to this date in the same tradition as her father.

11.     Ms. Muegge's interest in Cityline goes far beyond that of a mere business owner, Cityline is indeed part of her heritage.

4

12.     Based on a compliance inspection that occurred in June of 2022, Respondent recommended the revocation of Cityline's FFL because of four minor record keeping errors discovered during the audit of approximately 1500 firearms reports completed during the year 2021.

13.     Respondent may not revoke Petitioner's FFL unless Petitioner has **willfully** violated any provision of Chapter 44 of the United States Code, or any rule or regulation prescribed by the Attorney General under Chapter 44.

14.     On October 11, 2022, Respondent issued a "Notice to Revoke License" alleging the four record keeping  errors were "willful violations" on the part of Cityline.

15.     The "violations" found against Cityline were not willful violations but were clerical in nature resulting from accident, mistake, or inadvertence.

16.     Pursuant to 18 U.S.C. §923(f)(2) and Title 27, C.F.R. §478.54, Cityline requested a hearing on said Notice of Revocation, which hearing took place on the record on  January 26, 2023.

17.     On March 2, 2023, Respondent issued a Final Notice of Revocation, which included Findings of Fact and Conclusions of Law.  The Final Notice of Revocation is attached hereto  as Exhibit Three a n d  is the decision from which Petitioner seeks *de novo* review of this Court.

18.     18 U.S. C. § 923 (f) (3) provides that the aggrieved party may within sixty days after the date notice was given of the Final Notice of Revocation file a petition in the United States District Court for a de novo judicial review of such revocation.

19.     This Court has jurisdiction to conduct a *de novo* judicial review pursuant to 18 U.S.C. § 923(f)(3), and venue is proper in this district in that Petitioner conducts its business and resides within this district.

20.     Three of the four "violations" found against Cityline were allegedly committed by

employee Brendan Burnett (Burnett).

21.     Burnett was a relatively new employee of Southside Pawn and was employed as part of Cityline's dedication to the disabled men and women of our United States Military who have sacrificed life and limb in the protection of our country.

22.     Burnett, while a member of the Untied States Army serving in Iraq was the victim of an enemy improvised explosive device which detonated while he was on patrol in Iraq.

23.     Burnett was a gunner on a Mine Resistant Ambush Protected Vehicle (MRAP) at the time of the explosion and suffered grievous injuries including loss of sight in his left eye.

24.     Burnett was left with a serious infection in his right eye and long-term treatment has left him with glaucoma in his right eye.

25.     Burnett was hired because of his abilities and largely because of his character.

26.     Burnett is not the kind of person who would willfully violate any law or ATF regulation or act with deliberate indifference towards them. Brendan is a man who has a character trait for honoring and respecting his country and its laws.

27.     Each firearm transaction requires an employee to complete a firearms report form known as an ATF form 4473. Approximately fifteen hundred 4473s were reviewed during the inspection. Only four (4) "violations" were listed as supporting the revocation of Cityline's firearms license.

28.     In the first of Brendan's three (3) "violations," he missed the fact that, when taking possession of a firearm on pawn from a previously known customer, Antonio Harwell, Mr. Harwell inadvertently marked the box, in question 21 (f), indicating that he had been adjudicated a mental defective or has been committed to a mental institution.

29.     Mr. Harwell has never been so adjudicated or committed, and this was simply an

6

oversight error.

30.    Mr. Harwell had been in the store a couple of months earlier and filled out a 4473 for Burnett stating he had never been so adjudicated or committed.

31.    The firearm was redeemed by Mr. Harwell.

32.    Mr. Harvell was never a prohibited person. This alleged error did not result in anyone possessing a firearm that they did not already have or possessing a firearm they were not entitled to have under the law.

33.    In the second alleged "violation" Burnett, when receiving a firearm already possessed by Sandra Martin, did not catch that Ms. Martin had not checked, one way or the other, the box corresponding to whether she had been adjudicated a mental defective or had been committed to a mental institution.

34.    The firearm was later returned to Ms. Martin.

35.    Ms. Martin was never adjudicated a mental defective or had been committed to a mental institution.

36.    Ms. Martin was never a prohibited person. This error did not result in anyone possessing a firearm that they did not already own, or that they were not entitled to have under the law.

37.    In the third alleged "violation" Burnett allegedly failed to place a mark beside the word "delayed" in question 27 c. when ATF could not give him an immediate answer to his National Instant Criminal Background Check System (NICS) inquiry.

38.    In the very next question, 27.d, Burnett appropriately marked the box confirming that "No response was provided within 3 business days", and properly transferred the firearm.

39.    It was apparent to anyone reading this 4473 that the requested response was delayed,

7

because it did not arrive within 3 business days.

40.     This alleged "error" did not result in anyone being misled, or in any person receiving or possessing a firearm they were not entitled to possess under the law.

41.     The fourth "violation" is attributed to managing partner Angela Muegge.

42.     On September 1, 2021, Ms. Muegge received a firearm from Edvin Draganovic.

43.     When Ms. Muegge called in for the NICS information, none was forthcoming.

44.     Six days later Ms. Muegge still did not have a NICS report.

45.     Thinking that she had waited the appropriate 3 days, she transferred the firearm back to Mr. Draganovic.

46.     Ms. Muegge took into account the intervening weekend but mistakenly failed to take into account an intervening holiday.

47.     The three-day waiting period would not technically have been up until the next day, the 8th of September.

48.     The 8th day of September came and went without a response from NICS.

49.     Respondent alleges this transfer was one day early, and Ms Muegge should have waited one more day for the response, a response that never came.

50.     Mr. Draganovic was not a prohibited person, and the transfer did not result in Mr. Draganovic obtaining a firearm he was not legally able to possess, Mr. Draganovic simply got his gun back one day earlier.

51.     None of the alleged violations involved transferring a firearm to a prohibited person.

52.     None of the alleged violations involved failing to conduct a required background check.

53.     None of the alleged violations involved falsifying records, such as a firearms

transaction form.

54.     None of the alleged violations involved failing to respond to a trace request.

55.     None of the alleged violations involved refusing to permit ATF to conduct an inspection.

56.     None of the alleged violations involved failing to account for a firearm.

57.     None of the alleged violations involved failing to maintain records needed for successful firearms tracing.

58.     Appropriate records were maintained in order to account for the acquisition and disposition of all firearms transferred during the entire period of the inspection.

59.     No firearm was ever unaccounted for.

60.     These alleged "violations" did not result in the loss of any information necessary to trace or account for every single firearm.

61.     The alleged "violations" are not the type of violations that pose a safety or security threat to anyone, nor did they deny ATF of critical information necessary to properly carry out its responsibilities.

62.     Cityline has since implemented new procedures and policies to help ensure human errors of this nature will not occur in the future.

63.     Those procedures and policies include: the implementation of overlay templates; re-assigning Mr. Burnett; instituting a two-person paper copy check procedure; and developing and committing to a new software program especially adapted for pawn shops to eliminate human error.

64.     The Findings of Fact and Conclusions of Law contained within the Final Notice of Revocation were not supported by the evidence presented and are contrary to the law regarding what constitutes "willful violations", which finding is necessary to support the revocation of

9

Petitioner's FFL.

65.     Because the alleged violations on the part of Petitioner as alleged by Respondent were not "willful" in nature, Respondent's decision to revoke Petitioner's FFL (set forth in Exhibit Three) was arbitrary, capricious, contrary to law, an abuse of discretion, and/or unsupported by substantial evidence.

66.     Under the foregoing circumstances, staying the revocation until the United States District Court can take up and consider the equities in staying the revocation until conclusion of the ensuing litigation, poses no harm to law enforcement or the public.

67.     Denying the stay will create an undue hardship on Cityline, and its employees as they seek to transfer firearms presently held. The pawning of firearms is a major part of Citylines' business and the inability to deal in firearms seriously jeopardized Citylines' ability to operate, will result in loss of substantial income, and may also result in a reduction in workforce and the loss of valuable jobs.

68.     Based on the foregoing, and the irreparable damage as described herein that will occur to Petitioner if the revocation of March 2, 2023 is not stayed, Petitioner is entitled to a stay order issued by this Court enjoining the revocation of Petitioner's FFL until a full *de novo* hearing is conducted, and upon said hearing, to a reversal of the decision of Respondent set forth in Exhibit Three.

WHEREFORE Petitioner Cityline Partnership, L.L.C., d/b/a Southside Pawn prays this Court to issue an interim Order staying the revocation of Petitioner's FFL pending adjudication of this Petition for Review, to schedule a *de novo* hearing wherein additional evidence may be presented in accordance with 18 U.S.C. §923(f)(3), and upon full hearing, for an Order reversing and setting aside the revocation decision of Respondent as set forth in Exhibit Three.

JOHNSON, SCHNEIDER & FERRELL, L.L.C.


_/s/ Larry H. Ferrell_
LARRY H. FERRELL #28874

LARRY H FERRELL
JOHNSON, SCHNEIDER & FERRELL, L.L.C.
212 North Main Street
Cape Girardeau, MO 63701
Telephone: (573)335-3300
Facsimile: (573)335-1978
Email: LarryF@Johnsonschneider.com

11

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT
STATE OF MISSOURI

CITYLINE PARTNERSHIP, L.L.C.,            )
d/b/a SOUTHSIDE PAWN,                     )
                                          )
        Petitioner,                       )
                                          )
v.                                        )        Case No.:
                                          )
UNITED DEPARTMENT OF JUSTICE,             )
BUREAU OF ALCOHOL, TOBACCO,               )
FIREARMS AND EXPLOSIVES,                  )
                                          )
        Respondent.                       )
                                          )
                                          )

## AFFIDAVIT OF RAYMOND W. ABSOLON, JR.

The undersigned, Raymond W. Absolon, Jr., after having been first duly sworn upon his oath, deposes and states that he is over the age of eighteen (18) and has personal knowledge of the facts set forth below and can competently testify to the following facts:

1.      I have been an employee of Cityline Partnership, L.L.C. for 14 years and serve as its firearms instructor.

2.      I previously served as a law enforcement officer for ten (10) years with the St. Louis Metropolitan Police Department, and thirty (30) years with the St. Louis County Police Department.

3.      Of my forty years in law enforcement, I spent twenty-six of those years in investigations, twelve of which were in the robbery-homicide division with the Saint Louis County Police Department.

4.      I have known Keith Brooks, who founded Cityline Partnership, L.L.C., since it opened in 1994.

EXHIBIT
ONE

5.     I have known Keith's daughter Angela Muegee for well over thirty years.

6.     I have watched the business expand over the years form the original Southside Pawn shop to include the addition of firearms sales and a state-of-the-art indoor shooting range.

7.     The Brooks family has always fostered an attitude of respect and appreciation for the law and law enforcement.

8.     Cityline is well known within the law enforcement community as an honest and ethical business.

9.     Cityline and its employees have always provided the utmost respect, courtesy, cooperation and support for law enforcement.

10.     Cityline has been conscientious in imparting to its employees a faithful adherence to the law and for following legal standards.

11.     Cityline has earned and maintained a reputation within the law enforcement community for honesty, law abidingness and integrity.

Further Affiant sayeth not.

Raymond W. Absolon, Jr.

Subscribed and Sworn before me this ___18___ day of ___April___, 2023.

ELVANA MICI
Notary Public - Notary Seal
St Louis County - State of Missouri
Commission Number 22540301
My Commission Expires Jul 10, 2026

Notary Public

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT
STATE OF MISSOURI

CITYLINE PARTNERSHIP, L.L.C.,    )
d/b/a SOUTHSIDE PAWN,    )
                            )
    Petitioner,    )
                            )
v.    )    Case No.:
                            )
UNITED DEPARTMENT OF JUSTICE,    )
BUREAU OF ALCOHOL, TOBACCO,    )
FIREARMS AND EXPLOSIVES,    )
                            )
    Respondent.    )
                            )
                            )

## <u>AFFIDAVIT OF LARRY BRUNS</u>

       The undersigned, Larry Bruns, after having been first duly sworn upon his oath, deposes and states that he is over the age of eighteen (18) and has personal knowledge of the facts set forth below and can competently testify to the following facts:

    1.    The affiant is an employee of Cityline Partnership, L.L.C. serving as their firearms Training Director where I was responsible for, among other duties, developing training programs to qualify private security officers for licensing by the St. Louis City and County Police Departments. I currently serve as the Training Advisor.

    2.    I retired in December 2012 after a nearly twenty-five (25) year career as a Special Agent for the Federal Bureau of Investigation.

    3.    During my employment with Cityline I have had the opportunity to work closely with other employees and the managing partner, Angela Muegge.



EXHIBIT
TWO

4.     At all times I have found Cityline to be a highly responsible and dedicated organization that promotes honesty and integrity in all that they do.

5.     Cityline is conscientious in its mission to see that prohibited individuals are denied access to firearms on their premises and requires all participants on the range to complete a series of question verifying they are not disqualified in any manner from possessing a firearm.

6.     Cityline has an excellent reputation within the law enforcement community and is known for conducting its business in an honest and law-abiding manner.

Further Affiant sayeth not.

_____
Larry Bruns

Subscribed and Sworn before me this _18th_ day of _April_ , 2023.

_____
Notary Public

LARRY H. FERRELL
JOHNSON, SCHNEIDER & FERRELL, L.L.C.
212 North Main Street
Cape Girardeau, MO 63701
Telephone: 573-335-3300
Facsimile: 573-335-1978
Email: LarryF@Johnsonschneider.com



U.S. Department of Justice
Bureau of Alcohol, Tobacco, Firearms and Explosives

# Final Notice of Denial of Application, Revocation, Suspension and/or Fine of Firearms License

In the matter of:

☐ The application for license as a/an _____
or
☑ License Number  5-43-189-02-6E-11032 _____ , filed by: _____
                                          as a/an   A Pawnbrowker

_____ , issued to: _____

Name and Address of Applicant or Licensee *(Show number, street, city, state and ZIP Code)*

Cityline Partnership LLC d/b/a Southside Pawn
8101 Gravois Road
St. Louis, Missouri 63123

## Notice Is Hereby Given That:

☐ A request for hearing pursuant to 18 U.S.C. § 923(f)(2) and/or 922(t)(5) was not timely filed.  Based on the findings set forth in the attached document, your

☐ license described above is revoked pursuant to 18 U.S.C. 923(e), 922(t)(5) or 924(p), effective:

☐ 15 calendar days after receipt of this notice, or ☐ _____ ,

☐ license is suspended for _____ calendar days, effective _____ , pursuant to 18 U.S.C. § 922(t)(5) or 924(p).

☐ licensee is fined $ _____ , payment due: _____ , pursuant to 18 U.S.C. § 922(t)(5) or 924(p).

☑ After due consideration following a hearing held pursuant to 18 U.S.C. § 923(f)(2) and/or 922(t)(5), and on the basis of findings set out in the attached copy of the findings and conclusions, the Director or his/her designee concludes that your

☐ application for license described above is denied, pursuant to 18 U.S.C. 923(d).

☐ application for renewal of license described above is denied pursuant to 18 U.S.C. 923(d), effective:

☐ 15 calendar days after receipt of this notice, or ☐ _____

☑ license described above is revoked pursuant to 18 U.S.C. 923(e), 922(t)(5) or 924(p), effective:

☐ 15 calendar days after receipt of this notice, or ☑ upon receipt

☐ license is suspended for _____ calendar days, effective _____ , pursuant to 18 U.S.C. § 922(t)(5) or 924(p).

☐ licensee is fined $ _____ , payment due: _____ , pursuant to 18 U.S.C. § 922(t)(5) or 924(p).

If, after the hearing and receipt of these findings, you are dissatisfied with this action you may, within 60 days after receipt of this notice, file a petition pursuant 18 U.S.C. § 923(f)(3), for judicial review with the U.S. District Court for the district in which you reside or have your principal place of business.  If you intend to continue operations after the effective date of this action while you pursue filing for judicial review or otherwise, you must request a stay of the action from the Director of Industry Operations (DIO), Bureau of Alcohol, Tobacco, Firearms and Explosives, at  1251 NW Briarcliff Parkway  Suite 600  Kansas City Missouri 64116 _____ , prior to the effective date of the action set forth above.  You may not continue licensed operations unless and until a stay is granted by the DIO.

Records prescribed under 27 CFR Part 478 for the license described above shall either be delivered to ATF within 30 days of the date the business is required to be discontinued or shall be documented to reflect delivery to a successor.  See 18 U.S.C. 923(g)(4) and 27 CFR § 478.127.

After the effective date of a license denial of renewal, revocation, or suspension, you may not lawfully engage in the business of dealing in firearms.  Any disposition of your firearms business inventory must comply with all applicable laws and regulations.  Your local ATF office is able to assist you in understanding and implementing the options available to lawfully dispose of your firearms business inventory.

ATF Form 5300.13
Revised September 2014

**EXHIBIT**
tabbies  THREE

| Date 03/02/2023 | Name and Title of Bureau of Alcohol, Tobacco, Firearms and Explosives Official William J. Miller Director, Industry Operations ATF Kansas City Field Division | Signature WILLIAM MILLER Digitally signed by WILLIAM MILLER Date: 2023.03.02 13:48:37 -06'00' |

I certify that, on the date below, I served the above notice on the person identified below by:

☑ Certified mail to the address shown below.
Tracking Number: 7021 2720 0003 0145 8109        Or

☐ Delivering a copy of the notice to the address shown below.

| Date Notice Served 3-2-23 | Title of Person Serving Notice Administrative Assistant | Signature of Person Serving Notice |

| Print Name and Title of Person Served Cityline Partnership LLC d/b/a Southside Pawn | Signature of Person Served |

Address Where Notice Served
8101 Gravois Road, St. Louis, Missouri 63123

Note:  Previous Edition is Obsolete

ATF Form 5300.13
Revised September 2014