UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

CITYLINE PARTNERSHIP, L.L.C., )
d/b/a SOUTHSIDE PAWN, )
  )
      Plaintiff, )
    vs. )     Case No.   4:23-cv-00493-SEP
  )
UNITED STATES DEPARTMENT )
OF JUSTICE, BUREAU OF ALCOHOL )
TOBACCO, FIREARMS AND EXPLOSIVES, )
  )
      Defendant. )

## DEFENDANT UNITED STATES' ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Abbey A. Fritz, Assistant United States Attorney for said District, and for its Answer to Plaintiff's Complaint (Doc. 1) states as follows:

1.      Defendant admits the allegations contained in Paragraph 1.

2.      Defendant admits the allegations contained in Paragraph 2.

3.      Defendant denies the allegation contained in the first sentence of Paragraph 3 as phrased. Defendant lacks sufficient knowledge or information to admit or deny the allegation contained in the second sentence of Paragraph 3 and therefore denies them.

4.      Defendant lacks sufficient knowledge and information to admit or deny the allegation contained in Paragraph 4 and therefore denies them.

5.      Defendant lacks sufficient knowledge and information to admit or deny the allegation contained in Paragraph 5 and therefore denies them.

6.      Defendant lacks sufficient knowledge and information to admit or deny the allegation contained in Paragraph 6 and therefore denies them.

7.      Defendant lacks sufficient knowledge and information to admit or deny the allegation contained in Paragraph 7 and therefore denies them.

8.      Defendant lacks sufficient knowledge and information to admit or deny the allegation contained in Paragraph 8 and therefore denies them.

9.      Defendant admits only Plaintiff's FFL has not previously been suspended or revoked. Defendant denies any implication Plaintiff has not received notices and warning letters regarding prior violations. Any allegations not specifically admitted to herein are denied.

10.      Defendant lacks sufficient knowledge and information to admit or deny the allegation contained in Paragraph 10 and therefore denies them.

11.      Defendant lacks sufficient knowledge and information to admit or deny the allegation contained in Paragraph 11 and therefore denies them.

12.      Defendant admits only that Plaintiff was issued a Notice of Revocation after the conclusion of the June 2022 compliance inspection in which Plaintiff was cited for four violations. Defendant denies any remaining allegations contained in this paragraph including, but not limited to, the mischaracterization of the violations as "minor record keeping errors."

13.      Defendant neither admits nor denies the allegations contained in Paragraph 13 of Plaintiff's Complaint as they constitute the legal conclusions.  To the extent that further response is deemed necessary, the allegations are denied.

14.      Defendant admits only that, on October 11, 2022, Plaintiff was issued a Notice to Revoke License based on multiple willful violations. Any allegations not specifically admitted to herein are denied.

15.      Defendant denies the allegations contained in Paragraph 15.

16.      Defendant admits the allegations contained in Paragraph 16.

17.     Defendant admits the allegations contained in the first sentence of Paragraph 17. Defendant neither admits nor denies the allegations contained in the second sentence of Paragraph 17 of Plaintiff's Complaint as they constitute the legal conclusions. To the extent that further response is deemed necessary, the allegations are denied.

18.     Defendant neither admits nor denies the allegations contained in Paragraph 18 of Plaintiff's Complaint as they constitute the legal conclusions.  To the extent that further response is deemed necessary, the allegations are denied.

19.     Defendant neither admits nor denies the allegations contained in Paragraph 19 of Plaintiff's Complaint as they constitute the legal conclusions.  To the extent that further response is deemed necessary, the allegations are denied.

20.     Defendant admits the allegations contained in Paragraph 20.

21.     Defendant lacks sufficient knowledge and information to admit or deny the allegation contained in Paragraph 21 and therefore denies them.

22.     Defendant lacks sufficient knowledge and information to admit or deny the allegation contained in Paragraph 22 and therefore denies them.

23.     Defendant lacks sufficient knowledge and information to admit or deny the allegation contained in Paragraph 23 and therefore denies them.

24.     Defendant lacks sufficient knowledge and information to admit or deny the allegation contained in Paragraph 24 and therefore denies them.

25.     Defendant lacks sufficient knowledge and information to admit or deny the allegation contained in Paragraph 25 and therefore denies them.

26.     Defendant lacks sufficient knowledge and information to admit or deny the allegation contained in Paragraph 26 and therefore denies them.

27.     Defendant neither admits nor denies the allegations contained in the first sentence of Paragraph 27 of Plaintiff's Complaint as they constitute the legal conclusions.  To the extent that further response is deemed necessary, Defendant allegation is denied. Defendant admits four violations cited in the June 2022 inspection were listed in the Notice of Revocation. Any allegations not specifically admitted to herein are denied.

28.     Defendant admits that one violation was for selling or disposing of a firearm to a person who Licensee knew or had reasonable cause to believe was subject to Federal firearms disabilities, in violation of 18 U.S.C. § 922(d) and 27 C.F.R. § 478.99(c). Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 28 and therefore denies them.

29.     Defendant lacks sufficient knowledge and information to admit or deny the allegation contained in Paragraph 29 and therefore denies them.

30.     Defendant lacks sufficient knowledge and information to admit or deny the allegation contained in Paragraph 30 and therefore denies them.

31.     Defendant lacks sufficient knowledge and information to admit or deny the allegation contained in Paragraph 31 and therefore denies them.

32.     Defendant lacks sufficient knowledge and information to admit or deny the allegation contained in Paragraph 32 and therefore denies them.

33.     Defendant admits that a second violation[1] was due to a failure to obtain a complete and/or accurate Firearms Transaction Record, ATF Form 4473, for a Ms. Martin.  Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations contained in the second sentence of Paragraph 33 and therefore denies them.

[1] For clarification, the violation referenced in Paragraph 33 related to Ms. Martin is Violation #3 in the Notice to Revoke.

34.     Defendant admits the firearm was transferred to Ms. Martin. Any allegations not specifically admitted to herein are denied.

35.     Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in the second sentence of Paragraph 35 and therefore denies them.

36.     Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 36 and therefore denies them.

37.     Defendant admits that a third violation[2] was due to an incomplete Form 4473, specifically question 27c, regarding in violation of 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.124(c)(1). Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations contained in the second sentence of Paragraph 37 and therefore denies them.

38.     Defendant admits the box indicating "no response was provided within 3 business days" is marked. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 38, including that the firearm was "properly transferred" and therefore denies them.

39.     Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 39 and therefore denies them.

40.     Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 40 and therefore denies them.

41.     Defendant admits the allegation[3] contained in Paragraph 41.

42.     Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 42 and therefore denies them.

---

[2] For clarification, the violation referenced in Paragraph 37 is listed as Violation #4 in the Notice to Revoke.
[3] The violation referenced in Paragraph 41 is Violation #2 in the Notice to Revoke and Defendant's admittance is predicated on such.

43.     Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 43 and therefore denies them.

44.     Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 44 and therefore denies them.

45.     Defendant admits only that the firearm was prematurely transferred back to Mr. Draganovic. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 45 and therefore denies them.

46.     Defendant admits only that the firearm was prematurely transferred back to Mr. Draganovic. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 46 and therefore denies them.

47.     Defendant admits only that the earliest date which the firearm could have lawfully been transferred pursuant to the NICS response was September 8, 2021. Any allegations not specifically admitted to herein are denied.

48.     Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 48 and therefore denies them.

49.     Defendant admits that the firearm was prematurely transferred back to Mr. Draganovic in violation of 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.124(c)(3)(iv). Any allegations not specifically admitted to herein are denied.

50.     Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 50 and therefore denies them.

51.     Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 51 and therefore denies them.

52.     Defendant admits Plaintiff contacted NICS for the required background checks.

However, Defendant denies any implication in this Paragraph that the required background checks, and/or waiting period, was completed prior to the transfer of the firearm to the individual and therefore in violation of specific provisions of the Gun Control Act. Any allegations not specifically admitted to herein are denied.

53.     Defendant admits the allegations contained in Paragraph 53.

54.     Defendant admits the allegations contained in Paragraph 54.

55.     Defendant admits the allegations contained in Paragraph 55.

56.     Defendant admits the allegations contained in Paragraph 56.

57.     Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 57 and therefore denies them.

58.     Defendant denies the allegations contained in Paragraph 58.

59.     Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 59 and therefore denies them.

60.     Defendant admits the allegations contained in Paragraph 60.

61.     Defendant denies the allegations contained in Paragraph 61.

62.     Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 62 and therefore denies them.

63.     Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 63 and therefore denies them.

64.     Defendant denies the allegations contained in Paragraph 64.

65.     Defendant denies the allegations contained in Paragraph 65.

66.     Defendant denies the allegations contained in Paragraph 66. Defendant further states that such allegation is deemed moot pursuant to Doc. 14.

67.    Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 67 and therefore denies them. Defendant further states that such allegation is deemed moot pursuant to Doc. 14.

68.    Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 68 related to irreparable damage and therefore denies them. Defendant denies Plaintiff is entitled to a stay until completion of this Court's *de novo* review. Defendant further states that such allegation regarding a stay is deemed moot pursuant to Doc. 14.

## PRAYER FOR RELIEF

Defendant United States denies that Plaintiff is entitled to the relief sought in his prayer for relief.

## AFFIRMATIVE DEFENSES

Defendant United States hereby expressly reserves the right to amend this Answer to bring additional defenses over the course of this action, as the facts and evidence may warrant.

WHEREFORE, Defendant United States of America respectfully requests that the claims against it be dismissed with prejudice and that it be awarded its costs and attorney fees incurred in defending this action.

Respectfully submitted,

Sayler A. Fleming
United States Attorney

 /s/ Abbey A. Fritz
Abbey A. Fritz   #68510MO
Assistant United States Attorney
Thomas F. Eagleton U.S. Courthouse
111 South Tenth Street, 20th Floor
St. Louis, Missouri 63102
(314) 539-6856
(314) 539-2287 (Fax)
abbey.fritz@usdoj.gov

*Attorneys for the United States of America*

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2023, I filed the foregoing pleading electronically through the CM/ECF system which caused the following parties or counsel to be served by electronic means as more fully reflected on the Notice of Electronic Filing:

Larry H. Ferrell
Johnson, Schneider & Ferrell, L.L.C.
212 North Main Street
Cape Girardeau, MO 63701
Telephone: (573)335-3300
Facsimile: (573)335-1978
Email: LarryyF@Johnsonschneider.com
*Attorney for Plaintiff*

 /s/ Abbey A. Fritz
Abbey A. Fritz
Assistant United States Attorney